# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| IN RE:<br><br>**JASON DUANE HUNT,**<br>**KRISTIN NICOLE HUNT**<br><br>Debtors. | Case No. 25-10656-CGB<br>Chapter 11 |
| **THE HUNTINGTON NATIONAL BANK,** Successor-By-Merger to TCF National Bank,<br><br>Plaintiff,<br>v.<br><br>**JASON DUANE HUNT and**<br>**KRISTIN NICOLE HUNT,**<br><br>Defendants. | Adversary No. 25-01051 |

**ANSWER TO PLAINTIFF'S COMPLAINT**
*(Reference Docket No. 1)*

COMES NOW, Defendants Jason Duane Hunt ("Jason Hunt") and Kristin Nicole Hunt ("Kristin Hunt" and together with Jason Hunt, the "Defendants"), and files its Answer to The Complaint file by Huntington National Bank ("Plaintiff" or "Huntington") Plaintiff's Complaint (the "Complaint") filed at Docket No. 1 in the above-captioned adversary proceeding.

In support thereof, Defendant would respectfully show the Court as follows:

## I. RESPONSES

### PRELIMINARY STATEMENT

1. Paragraph 1- This paragraph introduces the Complaint and provides a summary of the subsequent paragraphs. Defendants deny the allegations of Paragraph 1 to the extent they require a response.

## PARTIES, JURISDICTION AND VENUE

2. Paragraph 2- Admit.

3. Paragraph 3- Admit.

4. Paragraph 4- Admit.

5. Paragraph 5- Admit.

6. Paragraph 6- Admit.

## FACTS

### I. JD Hunt Custom Homes, Inc.

7. Paragraph 7- Admit in part, deny as to whether the Defendants are the only shareholders of JD Hunt Custom Homes, Inc. ("JD Hunt"). As of March 2024, Patmos Capital Partners, LLC ("Patmos") has been a Class B shareholder.

8. Paragraph 8- Admit.

9. Paragraph 9- Admit.

### II. Loan 500

10. Paragraph 10- Admit in part and deny in part. JD Hunt, by and through Jason Hunt, sought a loan for operational capital.

11. Paragraph 11- Admit in part and deny in part. JD Hunt, by and through Jason Hunt, completed and submitted the 2020 Application.

12. Paragraph 12- Admit.

13. Paragraph 13- Admit.

14. Paragraph 14- Deny. JD Hunt relied upon Bright Vanguard, LLC ("Bright Vanguard"), to assist with obtaining a loan for working capital.

15. Paragraph 15- Deny, Defendants lack knowledge or information as to what Huntington relied upon before presenting Defendants with any loan documents.

16. Paragraph 16- Admit.

17. Paragraph 17- Admit.

18. Paragraph 18- Deny, Defendants lack knowledge as to what Plaintiff relied upon.

19. Paragraph 19- Defendants admit that Jason Hunt signed Plaintiff's Exhibit C, a document which speaks for itself. Defendants, however, deny any implications beyond those facts.

20. Paragraph 20- Admit.

21. Paragraph 21- Admit.

22. Paragraph 22- This paragraph contains a summary and description of a document attached to the Complaint as Exhibit E and therefore does not necessitate a response.

23. Paragraph 23- Deny, Defendants lack knowledge or information as to what Huntington relied upon before extending credit to JD Hunt.

24. Paragraph 24- Deny, Defendants lack knowledge or information as to what Huntington relied upon before extending credit to JD Hunt.

25. Paragraph 25- Deny, Defendants lack knowledge or information as to what Huntington knew or did not know at the time it extended credit to JD Hunt.

26. Paragraph 26- Deny.

27. Paragraph 27- Admit as to JD Hunt, Deny as to the Defendants personally receiving the proceeds.

28. Paragraph 28- Deny as Defendants cannot recall everything that was or was not shared with the original lender.

29. Paragraph 29- Admit.

30. Paragraph 30- Admit.

### III. Loan 501

31. Paragraph 31 [24][1]- Admit in part, deny in part. JD Hunt, not the Defendants, applied for an additional operational loan in 2021.

32. Paragraph 32 [25]- Admit in part, Deny in part. JD Hunt, by and through Jason Hunt, applied for another operational loan, the "2021 Application."

33. Paragraph 33 [26]- This paragraph summarizes the contents of an exhibit and does not necessitate a response.

34. Paragraph 34 [27]- Deny, Defendants lack knowledge or information as to what Huntington knew or did not know at the time it approved a loan to JD Hunt.

35. Paragraph 35 [28]- Admit.

36. Paragraph 36 [29]- This paragraph summarizes the contents of an exhibit and does not necessitate a response.

37. Paragraph 37 [30]- Deny, Defendants lack knowledge as to what Plaintiff relied upon to make the loan.

38. Paragraph 38 [31]- Deny, Defendants lack knowledge as to what Plaintiff relied upon to make the loan.

39. Paragraph 39 [32]- Admit.

40. Paragraph 40 [33]- This paragraph summarizes the contents of an exhibit and does not necessitate a response.

---

[1] The numbering scheme for the Complaint jumps from 30 to 24. Defendants Answer will identify the Complaints paragraph number after the sequential paragraph count. (i.e. 31 [24], if the sequential number is 31 but the numbered paragraph is 24.).

41. Paragraph 41 [34]- This paragraph summarizes the contents of an exhibit and does not necessitate a response.

42. Paragraph 42 [35]- This paragraph summarizes the contents of an exhibit and does not necessitate a response.

43. Paragraph 43 [36]- Deny, Defendants lack knowledge or information as to what Huntington relied upon before extending credit to JD Hunt.

44. Paragraph 44 [37]- Deny, Defendants lack knowledge or information as to what Huntington relied upon before extending credit to JD Hunt.

45. Paragraph 45 [38]- Deny, Defendants lack knowledge or information as to what Huntington knew or did not know at the time it extended credit to JD Hunt.

46. Paragraph 46 [39]- Deny.

47. Paragraph 47 [40]- Admit as to JD Hunt, Deny as to the Defendants personally receiving the proceeds.

48. Paragraph 48 [41]- Deny as Defendants cannot recall everything that was or was not shared with the original lender.

49. Paragraph 49 [42]- Admit.

50. Paragraph 50 [43]- This paragraph summarizes the contents of a document and does not necessitate a response.

**IV.** **The Judgment**

51. Paragraph 51 [44]- Deny. JD Hunt made substantially regular payments for years before financial difficulties forced it to default on the Loan.

52. Paragraph 52 [45]- Admit.

53. Paragraph 53 [46]- Admit.

## CLAIMS FOR RELIEF
## COUNT I

54. Paragraph 54 [47]- Defendants incorporate the responses for Paragraphs 1-21 as set forth above.

55. Paragraph 55 [48]- Deny. Defendants never made a representation that they, as individuals, would receive any equipment. Moreover, JD Hunt completed the paperwork through Jason Hunt. Defendant Kristin Hunt only signed the guaranty.

56. Paragraph 56 [49]- Deny. JD Hunt, not the defendants, applied for the loans. Defendants deny as to what the Plaintiff relied upon in making the Loan.

57. Paragraph 57 [50]- Admit in Part, JD Hunt applied for operational loans and relied upon Bright Ventures to obtain the working capital it needed to perform its tasks.

58. Paragraph 58 [51]- Deny, Defendants do not know what Plaintiff, or its predecessor, knew or relied upon at the time of making the Loans.

59. Paragraph 59 [52]- Deny, Defendants do not know what Plaintiff, or its predecessor, knew at the time it funded the Loans or that Plaintiff would not have funded the Loans if the facts as alleged were true.

60. Paragraph 60 [53]- Deny.

61. Paragraph 61 [54]- contains legal statements and, therefore, no response is required.

62. Paragraph 62 [55]- Deny.

63. Paragraph 63 [56]- contains legal conclusions or statements as to the relief sought and, therefore, no response is required. To the extent that a response is required, Defendants deny the allegations.

## COUNT II

64. Paragraph 64 [57]- Defendants incorporate the responses for Paragraphs 1-21 as set forth above.

65. Paragraph 65 [58]- contains legal statements and, therefore, no response is required

66. Paragraph 66 [59]- Deny.

67. Paragraph 67 [60]- Deny, Defendant Jason Hunt was, and remains, unaware of what Plaintiff, or its predecessor, would rely upon in making a loan.

68. Paragraph 68 [61]- Admit, Jason Hunt, in his capacity as President of JD Hunt, executed the paperwork.

69. Paragraph 69 [62]- contains legal conclusions or statements as to the relief sought and, therefore, no response is required. To the extent that a response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

70. Defendants deny the allegations, claims, requests contained in the "Prayer for Relief".

Dated: December 10, 2025

Respectfully submitted,

**HAYWARD PLLC**

*/s/ Todd Headden*
Charlie Shelton
Texas State Bar No: 24079317
Todd Headden
Texas State Bar No. 24096285
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/fax)
cshelton@haywardfirm.com
theadden@haywardfirm.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 10, 2025, or within one business day thereof, a true and correct copy of the foregoing was served via CM/ECF to all parties requesting such service. Additionally, on December 10, 2025, or within one business day thereof, the foregoing was served via United States First Class Mail to all parties set forth below.

Jason and Kristin Hunt
2009 Bowman Avenue
Austin, Texas 78703

*The Defendants*

Michael E. Clark
Jacob Wayne Edwards
Womble Bond Dickenson (US) LLP
717 Texas Ave., Suite 2100
Houston, Texas 77002

*Counsel for the Plaintiff*

Office of the U. S. Trustee
Attn: Shane P. Tobin
903 San Jacinto Blvd., Ste. 230
Austin, TX 78701
Shane.p.tobin@usdoj.gov
ustpregion07.au.ecf@usdoj.gov

                                              */s/ Todd Headden*
                                              Todd Headden